NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3258

UNITED STATES OF AMERICA

v.

JONTEE DAMON RUSSELL,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00053-1E)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2007

Before: RENDELL and AMBRO, Circuit Judges,
SHAPIRO,[*] District Judge

(Opinion filed July 30, 2007)

OPINION

AMBRO, Circuit Judge

---

[*]Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

Jontee Damon Russell appeals his criminal sentence imposed following a guilty plea. He contends that the sentencing judge erred in failing to state in open court the reasons for the imposition of his sentence, as 18 U.S.C. § 3553(c) requires. Because we conclude that Russell knowingly and voluntarily waived his right to appeal, we affirm that sentence.

## I. Facts and Procedural History

As we write for the parties, only a brief summary of the pertinent facts is necessary. In November 2004, Russell and his co-defendant, Lisa Marie Dacus, were charged in an indictment with knowingly and unlawfully possessing with the intent to distribute and distributing five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Three months later, Russell pled guilty to one count of the above charges. At the hearing to enter his guilty plea, Russell swore under oath that he understood the terms of his plea agreement.

That agreement contained a provision in which the Government would request a reduction in Russell's sentence if he substantially assisted law enforcement agencies in investigating drug offenses. Dacus also agreed to provide substantial assistance to law enforcement officials if the Government would request a downward departure in Russell's sentence. Importantly, in his plea agreement Russell also waived his right to appeal, subject to two exceptions: 1) if the Government appeals, or 2) if the sentence exceeds the applicable statutory limits or unreasonably exceeds the range determined by the Court under the federal Sentencing Guidelines.

In chambers before Russell's sentencing on June 22, 2005, the Judge heard the

Government's § 5K1.1 motion for a downward departure based on substantial assistance. A Special Agent for the FBI testified that Dacus had substantially assisted it but that Russell had proved to be uncooperative. The proceedings then moved to open court, where the Judge sentenced Russell to 60 months in prison. This sentence was a downward departure from the 70 to 87 month advisory Guidelines range contained in the presentence report, which neither party challenged. Although explaining that he had considered the Government's § 5K1.1 motion, the Judge never explicitly stated the reasons for the imposition of Russell's sentence. Though Russell did not make a contemporaneous objection to this omission, he claims this was plain error under 18 U.S.C. § 3553(c).

## II. Discussion

In *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007), we concluded that our Court retained appellate jurisdiction over the appeal of a defendant who had signed an appellate waiver. However, we would not review the merits of an appeal if we concluded that the defendant knowingly and voluntarily waived that appeal, unless the result would work a miscarriage of justice. *Id.* Therefore, we must ascertain whether Russell knew and intended without coercion to waive his right to appeal and, if so, whether that was a miscarriage of justice.

To make this determination, "the role of the sentencing judge is critical." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). The evidence on record from the Rule 11 colloquy shows that Russell voluntarily signed the appellate waiver and knew its contents. After ascertaining that he was competent to plead, the Judge had the significant terms of the

plea agreement, including the appellate waiver, read by counsel for the Government. App. at 21, 29-30. The Judge then explicitly asked Russell whether this reading of the plea agreement was consistent with his understanding of its terms. App. at 30. He responded yes. App. at 31. Additionally, in response to the questions of the Judge, Russell swore under oath that he was not forced to enter into the plea agreement and that he had discussed the matter with his attorney. App. at 28, 34.

On appeal, Russell does not contend that he was either forced to sign the waiver or that he did not understand it. In this context, there is no question that Russell knowingly and voluntarily agreed to the appellate waiver.

Russell does not allege that the waiver resulted in a miscarriage of justice, and we discern none in any event. He received a sentence that was ten months less than the minimum 70-month sentence of the advisory Guidelines range. He appears to have received this generous sentence, despite being uncooperative with law enforcement officials, based solely on the substantial assistance provided by Dacus.

Lastly, neither of the exceptions to the appellate waiver contained in Russell's plea agreement apply. This is not an appeal brought by the Government, and Russell's 60-month sentence neither exceeded the 40-year statutory maximum nor the 87-month maximum of the Guidelines range.

Because Russell knowingly and voluntarily waived his right to appeal, we affirm his sentence.